UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY TYRONE FOSTER,  )<br>            Petitioner,  )<br>      )<br>   v.  )<br>      )<br>JOHN SOTO, Warden,  )<br>      )<br>            Respondent.  )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | No. CV 13-9099 DDP (FFM)<br><br>ORDER RE SUMMARY<br>DISMISSAL OF ACTION |

On December 10, 2013, petitioner filed what is captioned a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

A review of the Petition reveals that petitioner's claims are not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claims relate to perceived civil wrongs for which petitioner seeks release from prison, monetary relief and various other forms of relief.

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). A civil rights action, in contrast, is the proper method of challenging civil injuries. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Young v. Kenny*, 907 F.2d 874, 875 n.1 (1990). Petitioner's claims as presently alleged do not implicate the legality or duration of confinement, but rather concern alleged civil injuries.

The Court does have discretion to construe petitioner's habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *Hansen v. May*, 502 F.2d 728, 729-30 (9th Cir. 1974). In this instance, however, the Court chooses not to exercise such discretion, because petitioner previously filed an ostensible petition for writ of habeas corpus that was dismissed for lack of subject matter jurisdiction on August 7, 2013. At that time the Court advised petitioner that a civil rights action is the proper method of challenging civil injuries. It also appears from petitioner's pleading that petitioner is prohibited from filing a civil rights action without prepayment of full filing fees unless he is in imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g).

Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice.

Dated: 1/21/2014

_____
DEAN D. PREGERSON
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM
  United States Magistrate Judge

2